GRABER, Circuit Judge,
dissenting:
I respectfully dissent. Plaintiff missed numerous filing deadlines, failed outright to file certain documents, repeatedly failed to request leave of the court to file documents late, and filed documents in improper form. In contrast to many cases, the district court here issued a- detailed ten-page written order describing the procedural history of the case and weighing the five factors. Although dismissal is a “harsh sanction,” Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir.2006), I find no clear error in the court’s factual findings, see id., and would hold that “at least four factors support dismissal ] or ... at least three factors strongly support dismissal.” Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir.1999).
In particular, although the prejudice to Defendants was not as great as in other cases, the risk of prejudice to Defendants (factor three) nevertheless supports dismissal. Further, the public’s interest in expeditious resolution of litigation (factor one), the court’s need to manage its docket (factor two), and the availability of less drastic alternatives (factor five) all strongly support dismissal. The penultimate occasion on which Plaintiff filed a document late, in improper form, and without permission, the district court imposed the harshest sanction short of dismissal by striking the document. When Plaintiff missed the next deadline and subsequently filed two. more documents late, again in improper form, and again without permission, Plaintiffs lawyer stated: “I do not offer any excuses.... The Court’s orders setting the deadlines were clear, and I read them.” The majority would have imposed sanctions on Plaintiffs lawyer before dismissing the case but, reviewing for abuse of discretion, we are not to substitute our own judgment for the district court’s. I therefore would affirm the district court’s dismissal of this case.